UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

YASH RATHI,                              )
                                         )
            Petitioner,                  )
                                         )
      v.                                 )      No. 2:26-cv-00422-JPH-MKK
                                         )
BRISON SWEARINGEN, *et al.*,             )
                                         )
            Respondents.                 )

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Yash Rathi is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on June 5, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Dkt. 1. Mr. Rathi now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 25, 35; dkt. 10 at 2, 24.

For the reasons discussed, the Court grants the petition and orders Respondents to either afford Mr. Rathi a bond hearing or release him from custody.

## I.     Facts

Mr. Rathi is a citizen of India but has lived in the United States since October 2023. Dkt. 1 at ¶ 1. He came to the United States on October 9, 2023, without inspection through the Arizona border near Lukeville. Dkt. 7-1 at 12. He was arrested by border patrol agents on October 14, 2023, and released into the

United States on an order of release on recognizance. *Id.* at 5, 12. Mr. Rathi subsequently moved to the interior of the United States. *Id.*

On June 5, 2026, Mr. Rathi was arrested by immigration officials in Whiteland, Indiana. Dkt. 7-1 at 2. He was arrested pursuant to an I-200 administrative warrant (Warrant for Arrest of Alien) and eventually taken to the Clay County Jail in Brazil, Indiana, where he is being held without bond. *Id.* at 8; dkt. 1.

After his arrest, Mr. Rathi was served with a Notice to Appear for removal proceedings pursuant to 8 U.S.C. § 1229a, which charges him with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled." Dkt. 7-1 at 1. The "arriving alien" checkbox is unmarked. *Id.* Also, Mr. Rathi's order of release on recognizance was revoked at that time. *Id.* at 5. The immigration warrant, served on June 5, 2026, explicitly authorized his detention under § 1226 (§ 236 of the INA). *Id.* at 10.

Mr. Rathi's removal proceedings remain pending. Dkt. 1; dkt. 7-1.

## II.    Analysis

Mr. Rathi argues that his current detention during immigration removal proceedings violates the Immigration and Nationality Act and bond regulations because he is being improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) when he should be detained pursuant to Section 1226(a). Dkt. 1 at 24-25. He also argues that his detention without bond is unlawful under the Due Process Clause of the Fifth Amendment. *Id.* at 25-27. Respondents argue that Mr. Rathi is lawfully detained under the INA pursuant to 8 U.S.C. §

1225(b)(2)(A) and that 8 U.S.C. § 1226(a) does not apply to him. Dkt. 7 at 3. They argue in the alternative that, if the Court were to find § 1226(a) applicable to Mr. Rathi, the appropriate remedy would be to order a bond hearing. *Id.* at 17-18.

The Court finds that Mr. Rathi's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Rathi is entitled to habeas corpus relief on this ground, the Court does not address his due process challenge. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

## A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
>> (A) bond . . . ; or
>>
>> (B) conditional parole[.]

8 U.S.C. § 1226(a).

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed

without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### 1. Mr. Rathi Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Mr. Rathi is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Rathi who have lived in the interior of the United States for years and were arrested on an administrative warrant. *See Alejandro v. Olson,* 817 F. Supp. 3d 672, 677 (S.D.

Ind. 2025); *Mendoza-Loera v. Warden, Clay Co. Jail*, 2:25-cv-00554-JPH-MJD, dkt. 16 at 8–11 (S.D. Ind. Nov. 21, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See Alejandro*, 817 F. Supp. 3d at 677.[1]

In December 2025, the Seventh Circuit issued an opinion in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) (*Castañon-Nava* I). There, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. The Court has relied on that opinion as persuasive authority[2] and continues to do so after the Seventh Circuit's most recent opinion in *Castanon-Nava. See* 175 F.4th 828 (7th Cir. 2026) (*Castañon-Nava II*).

---

[1] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply as set forth in *Alejandro*, 817 F. Supp. 3d 672, *Jackson Rizo v. Swearingen*, Case No. 2:26-cv-00026-JPH-MKK (S.D. Ind. January 23, 2026), *Corzo Martinez v. Olson et al.*, No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. January 10, 2026).

[2] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of law, and any adjustment to the factual record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

6

Respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." Dkt. 7 at 4, 9-15; *Buenrostro-Mendez v. Bondi,* 166 F.4th 494, 503 (5th Cir. 2026) ("The Supreme Court has observed that 'redundancies are common in statutory drafting—sometimes in a congressional effort to be doubly sure, sometimes because of congressional inadvertence or lack of foresight, or sometimes simply because of the shortcomings of human communication' . . . . That seems doubly true where the ordinary meaning of the terms involved overlap. Because being an applicant ordinarily entails seeking something, it seems natural to use the words somewhat interchangeably.") (quoting *Barton v. Barr,* 590 U.S. 222, 239 (2020)). Even if the terms refer to different things, the Fifth Circuit found that petitioners such as Mr. Rathi can be said to be "seeking admission" even though they have resided within the country for years and are not affirmatively seeking to enter the United States. *Id.*

Respondents also cite a recent Eighth Circuit case, *Avila v. Bondi,* 170 F.4th 1128 (8th Cir. 2026). *See* dkt. 7 at 4, 9-15. The *Avila* court held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." 170 F.4th at 1135.

Countering those circuit decisions, the Second Circuit recently decided *Cunha v. Freden,* 175 F.4th 61, 70-72, 88 (2d Cir. 2026). There, the Second Circuit rejected the government's argument and adopted the reasoning set forth

in *Castañon-Nava I*: "Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive." *Id.* at *4. The court went on to conclude that "because Section 1225(b)(2)(A) applies only to a noncitizen who is both an 'applicant for admission' and 'seeking admission,' it does not apply to Petitioner." *Id.* at *6. As Respondents note, the Eleventh Circuit joined the Second Circuit in rejecting the government's expansive interpretation of § 1225. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami,* 175 F.4th 1258, 1285 (11th Cir. 2026).[3] The Sixth Circuit came to a similar conclusion in *Lopez-Campos v. Raycraft,* 175 F.4th 713, 725 (6th Cir. 2026),[4] followed by the Tenth Circuit in *Santillan Quiroz v. Mullin,* --- F.4th ----, No. 26-6019, 2026 WL 1876709, at *3 (10th Cir. June 30, 2026).[5]

---

[3] "Simply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country. Nowhere in the text, structure, or history of the INA does that reading find steady footing. We are obliged to read the words found in the statute—'an alien who is an applicant for admission' and 'an alien seeking admission'—in line with the meaning Congress has given them. When we do so, it appears to us that Congress has instead preserved the longstanding border-interior distinction for purposes of detention, a position it has taken for over a hundred years." *Id.* at 21.

[4] "We therefore find that an 'applicant for admission' is not necessarily 'seeking admission.' Because no Petitioner is alleged to be seeking admission or lawful entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them. And since '§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings,' Petitioners could have been detained pursuant to only § 1226." *Id.* at 11.

[5] *Santillan Quiroz* was decided after the briefing in this case. There, Tenth Circuit held: "By statutory definition, [the petitioner] is an applicant for admission because he is present in the United States without having been admitted" but that "he is not seeking admission since he has no present request for lawful entry pending." 2026 WL 1876709

This Court is not convinced that the Seventh Circuit will eventually join the *Buenrostro-Mendez* and *Avila* side of the circuit split. So, in line with *Castañon-Nava I, Cunha, Hernandez Alvarez, Lopez-Campos,* and *Santillan Quiroz,* the Court continues to rely on its previous conclusion that § 1225(b)(2)(A) does not apply to undocumented aliens like Mr. Rathi who have lived in the interior of the United States and were arrested on an administrative warrant "command[ing]" that he be arrested pursuant to 8 U.S.C. § 1226. *See* dkt. 7-1.

Moreover, the Notice to Appear requires he appear for full removal proceedings pursuant to § 1229a, which does not state that Mr. Rathi is an "arriving alien" and instead lists him as an individual who is "present in the United States." Dkt. 7-1. Given the government's treatment of Mr. Rathi, *e.g.*, releasing him into the United States on an order of release on recognizance, ordering him to appear for full removal proceedings pursuant to § 1229a, and arresting him pursuant to a warrant authorized by § 1226, the government cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release.

In sum, the record demonstrates that Mr. Rathi's detention is authorized only by § 1226(a), entitling him to consideration of release on bond.

## 2. Scope of Relief

Mr. Rathi is entitled to habeas relief because his continued detention without a bond hearing violates "the laws or treaties of the United States." 28

---

at *6-7. The court continued: "Noncitizens in [the petitioner's] position – that is, those who entered the United States without admission and who have lived here since – are categorically unable to seek admission while they remain in the country." *Id.* at *7.

U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

Mr. Rathi requests immediate release from custody or, alternatively, an individualized bond hearing. Dkt. 1 at 5. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Rathi's immediate release and instead orders Respondents to provide him with an individualized bond hearing as required by § 1226(a).

Mr. Rathi also asks the Court to impose on the government the burden of proof at the bond hearing. The Court does not reach the merits of that argument because that issue is premature. The only issue currently before the Court is whether Mr. Rathi is being held in violation of the Constitution or laws of the United States. The Court has determined that § 1225(b)(2)(A) does not apply to Mr. Rathi and that his detention is authorized only by § 1226(a). The Court has therefore ordered Respondents to either provide Mr. Rathi an individualized bond hearing under § 1226(a) and its regulations or release him. Should Mr. Rathi still be detained after Respondents have certified to the Court that they have complied with the Court's order, he may file a motion for the Court to enforce judgment if he has a good-faith basis to believe that his continued detention is unlawful.

### III.    Conclusion

The Court **grants** the petition to the extent that **no later than 5:00 p.m. on July 27, 2026**, **Respondents must either**: (1) provide Mr. Rathi with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations;[6] or (2) release Mr. Rathi from custody, under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Mr. Rathi with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable. If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Rathi's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent it seeks immediate release. The **clerk is directed** to enter **final judgment**.

**SO ORDERED.**

Date: 7/17/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[6] This deadline for a bond hearing may be modified without Court involvement upon agreement of Federal Respondents and Petitioner.

11

Distribution:

Nora Unverzagt Galindo
Law Office of Nora Galindo
nora@noragalindolaw.com

Jeffrey D. Preston
DOJ-USAO
jeffrey.preston@usdoj.gov

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com